UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELEGAT'S WINE ESTATE LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN WINE DISTRIBUTORS, INC. and MICHAEL DENNY, individual,<br><br>    Defendants. | No. C10-2215 BZ<br><br>**PRETRIAL ORDER** |

    The pretrial conference in this case was held on January 24, 2012. Plaintiff was represented at the conference by Andrew Bayne and David Rosenbaum. Defendants were represented by Lawrence Smith.

    This Order shall control the subsequent conduct of the case and be modified only to prevent manifest injustice. See Fed. R. Civ. P. 16(e).

**1.    LENGTH AND TIME OF TRIAL**

    Trial shall begin on **Monday, February 13, 2012 at 8:30 a.m.,** in **Courtroom D,** 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102 and is

1

expected to last five days. The trial schedule is as follows: 8:30 a.m. - 1:30 p.m. Counsel shall meet in chambers by **8:15 a.m. on February 13, 2012**. Plaintiff will have seven hours to present evidence. Defendants will have six hours.

Plaintiff shall be prepared to call witnesses Monday, February 13, 2012. Each side shall schedule witnesses to avoid any interruption in the presentation of testimony. During the trial, witnesses, other than counsel and their clients, shall remain sequestered outside the courtroom until they are called to testify.

2. **VOIR DIRE**

Any objections to the voir dire questions distributed at the conference, or requests for additional questions, shall be filed by **February 1, 2012**. Plaintiff may submit additional voir dire questions for the Court's consideration.

3. **BIFURCATION**

The request to bifurcate the trial is denied.

4. **AMENDMENT OF THE COMPLAINT**

In its pretrial conference statement, Plaintiff indicated that it sought leave to amend the complaint to add a count alleging alter ego liability against Defendant Denny. Plaintiff did not file a motion for leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15. To the extent that Plaintiff's statement in the pretrial conference statement constitutes a motion to amend, it is **DENIED**. The proposed amendment would be unduly consumptive of time, prejudicial to Defendants, and would be confusing to the jury. The issue of alter ego liability is an equitable one

for the Court, not for the jury. <u>Alexander v. Abbey of the Chimes</u>, 104 Cal.App.3d 39, 163 Cal.Rptr. 377 (1980) ("When considering the application of the alter ego doctrine to a particular situation, it must be remembered that it is an equitable doctrine and, though courts have justified its application through consideration of many factors, their basic motivation is to assure a just and equitable result."); <u>Leek v. Cooper</u>, 194 Cal.App.4th 399, 419 (2011) ("Under some circumstances, a judgment against a corporation may be amended to add a nonparty alter ego as a judgment debtor. 'This is an equitable procedure based on the theory that the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant.'") (quoting <u>NEC Electronics, Inc. v. Hurt</u>, 208 Cal.App.3d 772, 778, 256 Cal. Rptr. 441 (1989)) (internal citations omitted).

5.  **MOTIONS**

**Plaintiff's Motion No. 1**, to preclude Defendants from rebutting Plaintiff's expert report, is **GRANTED IN PART**. Defendants may not introduce lay opinion testimony to rebut the opinions of Plaintiff's expert that Defendant American Wine was insolvent during the periods set forth in the expert's report. However, Defendants are not prohibited from introducing lay testimony regarding foundational factual issues that may be in the expert's report.

**Plaintiff's Motion No. 2**, to prohibit Defendants from introducing lay testimony concerning Defendants' illegality defense, is **GRANTED IN PART**. Defendants are barred from presenting lay opinion testimony regarding the legality of

3

the parties' relationship. Defendants may present lay testimony as to the factual basis for their relationship, and to the extent relevant and not prejudicial, as to beliefs about the legality of their relationship.

**Plaintiff's Motion No. 3**, to exclude introduction of evidence related to pre-2008 course of dealings by the parties, is **DENIED**. Evidence of the parties' pre-2008 course of dealings, and in particular, the parties' 2005 AWD Distribution and Administrative Services Agreement, is relevant to the question of the contours of the subsequent, unwritten business relationship.

**Defendants' Motion**, to prohibit Plaintiff from referring to the financial solvency of Defendant American Wine and from referring to any payment of funds from American Wine to Denny, is **DENIED**. Defendants argue that evidence of solvency and payment of funds to Denny is only relevant to Plaintiff's claim for breach of fiduciary duty, which should be dismissed because Plaintiff lacks standing. Defendants appear to be improperly seeking a dispositive ruling in the guise of a motion in limine. Nonetheless, the motion is denied. Defendants have failed to show that Plaintiff lacks standing. In Berg & Berg Enterprises v. Boyle, 178 Cal.App.4th 1020, 1027 (2009), the court stated that:

> An action is derivative, that is, in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock and property without any severance or distribution among individual holders, or it seeks to recover assets for the corporation or to prevent the dissipation of its assets. On the other hand, a creditor's individual or direct claim is one for which the creditor does not seek to recover on

4

> behalf of the corporation for injury done to it. The injury need not be different from that suffered by a class of shareholders or be unique to the plaintiff and it still may affect a substantial number of shareholders or in this case, creditors. But the direct claim is simply one that reflects an injury that is not incidental to an injury to the corporation as a whole.

Berg, 178 Cal.App.4th at 1027, n.5 (internal citations omitted). Here, Plaintiff claims it is not seeking to recover on behalf of the corporation but on an individual claim for damages that is "not incidental to an injury to the corporation as a whole." Id.

## 6. EXHIBITS

Exhibits shall not be a part of the record or go to the jury unless sponsored by a witness or otherwise brought to the jury's attention. The parties must lodge the original and one copy of the entire transcript of all depositions they anticipate using at trial by the start of trial.

Defendant's objections to Plaintiff's exhibits 22-36 are **SUSTAINED** unless Plaintiff can show that there is some reason to admit these exhibits not covered by the insolvency stipulation.

Defendant's objections to Plaintiff's exhibits 38-40 are **OVERRULED**.

Defendant's objections to Plaintiff's exhibit 41 is **SUSTAINED** unless Plaintiff can show that there is some reason to admit this exhibit not covered by the insolvency stipulation.

Defendant's objections to Plaintiff's exhibit 42 is **OVERRULED**. Defendants may provide additional portions of the

1  email string, if they are relevant.

2  Defendant's objections to Plaintiff's exhibits 46-47 are
3  **OVERRULED** to the extent that the exhibits relate to punitive
4  damages.

5  Defendant's objections to Plaintiff's proffer of
6  Miller's deposition excerpts is **SUSTAINED** to the extent that
7  Plaintiff has not shown that Miller is unavailable to
8  testify.  If, on the first day of trial, Plaintiff
9  demonstrate Miller's unavailability, the deposition may be
10 used if still needed.

11 **7.   WITNESSES**

12 Defendant's objections to Plaintiff's witnesses on the
13 grounds that the descriptions of the witnesses' testimony are
14 insufficient are **OVERRULED**.

15 Plaintiff's motion for witness Jacqui Ivicevich to be
16 excused from personal attendance at trial is **GRANTED** subject
17 to the following requirements.  Ms. Ivicevich shall testify
18 at trial by video-conference.  Plaintiff shall arrange for a
19 neutral person to serve as a deposition officer to be present
20 with Ms. Ivicevich during the deposition.  Plaintiff shall
21 ensure that Ms. Ivicevich has a complete set of both parties'
22 trial exhibits with her during her testimony.  Any documents
23 that Defendant intends to use to cross-examine Ms. Ivicevich
24 shall be sent in a sealed envelope to the deposition officer
25 prior to trial.  These documents shall be opened only by the
26 deposition officer during trial at Defendants' counsel
27 direction.  Plaintiff's counsel shall inform the Court the
28 day before Ms. Ivicevich will testify so that the video-

conferencing equipment can be set up. No later than **February 1, 2012**, the parties shall communicate with the Court's **judicial extern Sarah Hwang at 415-522-4038** regarding the technical requirements for video-conferencing. Also no later than **February 1, 2012**, the parties shall file a stipulation regarding what the Court should tell the jury about why Ms. Ivicevich is not personally attending the trial.

Christine Kolda may testify at trial on the condition that she be made available for deposition at a mutually convenient time and place prior to trial. Ms. Kolda may be deposed for a total of three hours, divided into two hours for Defendants' questioning and one hour for Plaintiff's questioning. If Defendants decline to depose her, Plaintiff may satisfy the condition that she be made available by offering to make her available at a specified time.

The Court granted Defendants leave to depose Jaime Reyes, who may testify at trial whether or not Defendants deposes him. Mr. Reyes may be deposed for a total of three hours, divided into two hours for Defendant's questioning and one hour for Plaintiff's questioning.

**8. JURY INSTRUCTIONS**

Rulings on the instructions were made on the record at the pretrial conference. The court will distribute a proposed set of jury instructions. Final instructions will be driven by the evidence and will be settled shortly before the jury is to be instructed.

No later than **February 1, 2012,** the parties shall file,

7

jointly if possible, the following proposed jury instructions: (1) Ninth Circuit Civil Model Instruction 1.2 and (2) Ninth Circuit Civil Model Instruction 5.1 that includes the measure of damages sought. No later than **February 1, 2012,** the parties may propose additional instructions as discussed at the pretrial conference.

**9. Additional submissions from parties**

No later than **February 1, 2012**, the parties shall file the following documents. The Court prefers joint filings, but will accept separate filings if the parties cannot, in good faith, agree.

    A.    A proposal regarding what to tell the jury about the parties' stipulation that Defendant owes Plaintiff $336.131.37. If the parties fail to file a stipulation, the Court will assume the issue of the amount due will be tried to the jury and will give the common count jury instructions.

    B.    A stipulation regarding American Wine's insolvency, including American Wine's stipulation to Newton's four expert opinions and that the insolvency is in the amount of approximately $400,000.

**10. MISCELLANEOUS**

Any party who desires a transcript of the trial must make arrangements with the Court Services Coordinator, Debra Campbell. Any party who needs an interpreter or audio or visual equipment shall make its own arrangements for same and clear all such equipment with court security personnel. For any equipment the parties seek to bring into Court, they

shall file a proposed order seeking permission to do so. The parties shall arrange with **Courtroom Deputy Kristen Seib** at **415-522-3694** to set up any audio-visual equipment on **Friday, February 10, 2012.** The parties shall notify the Court **immediately** if this action should settle before the commencement of trial.

Dated: January 25, 2012

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DELEGAT'S WINE V. AMERICAN WINE\PRETRIAL\FIRST PRETRIAL ORDER.BZ VERSION.wpd