UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELEGAT'S WINE ESTATE LIMITED,<br><br>      Plaintiff(s),<br><br>v.<br><br>AMERICAN WINE DISTRIBUTORS, INC.,<br><br>      Defendant(s). | No. C10-2215 BZ<br><br>**ORDER DENYING DEFENDANT DENNY'S MOTION FOR NEW TRIAL CONDITIONED ON PLAINTIFF'S ACCEPTANCE OF REMITTITUR** |

    On February 17, 2012, a jury returned a verdict in favor of plaintiff Delegat's Wine Estate Limited, awarding compensatory damages for conversion in the total amount of $376,131.37 against defendants American Wine Distributors and Michael Denny, jointly and severally, and for breach of fiduciary duty in the amount of $10,000 against Denny separately. The jury also awarded punitive damages of $33,000 against American Wine Distributors and $33,500 against Denny. Following entry of judgment on February 28, 2012, defendant Michael Denny filed a Motion for a New Trial pursuant to Federal Rule of Civil Procedure 59(a). He argues that the

1

1  jury's award of punitive damages against him was against the
2  weight of the evidence and was excessive. For the reasons
3  stated in this order, Denny's Motion is **DENIED** on the
4  condition that plaintiff accept a remittitur.[1]

5  In determining whether there is a basis to grant a new
6  trial, the court is "bound by those grounds that have been
7  historically recognized." Zhang v. Am. Gem Seafoods, Inc.,
8  339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized
9  grounds include, but are not limited to, claims 'that the
10 verdict is against the weight of the evidence, that the
11 damages are excessive, or that, for other reasons, the trial
12 was not fair to the party moving.'" Molski v. M.J. Cable,
13 Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery
14 Ward & Co. v. Duncan, 311 U.S. 243, 251, 61 S.Ct. 189, 85
15 L.Ed. 147 (1940)). "The trial court may grant a new trial
16 only if the verdict is contrary to the clear weight of the
17 evidence, is based upon false or perjurious evidence, or to
18 prevent a miscarriage of justice." Passantino v. Johnson &
19 Johnson Consumer Prods., 212 F.3d 493, 510 n. 15 (9th
20 Cir.2000).

21 Here, the jury's award of punitive damages was not
22 contrary to the weight of the evidence. Digidyne Corp. v.
23 Data Gen. Corp., 734 F.2d 1336, 1347 (9th Cir.1984) (stating
24 that in assessing whether an award is against the weight of
25 the evidence, a "stringent standard applies" and a new trial
26 may be granted "only if the verdict is against the great

---

[1] Plaintiff's oral Rule 50 motion made during trial on the conversion issue is **DENIED as moot.**

2

weight of evidence or it is quite clear that the jury has reached a seriously erroneous result.")(citation and internal quotation marks omitted). There is sufficient evidence to support the jury's award of punitive damages against Denny, including evidence that Denny repaid a bank loan on behalf of his mother instead of paying plaintiff amounts that were owed, evidence that after plaintiff told defendants to endorse all checks over to plaintiff, Denny instructed his employee to deposit two checks due to plaintiff, and evidence that after Denny asserted to plaintiff that defendants would not withhold further amounts owed to plaintiff, additional amounts were withheld.

The size of the jury's punitive damages award, however, is excessive given the dearth of evidence at trial of Denny's financial condition. Adams v. Murakami, 54 Cal.3d 105 (1991). Because the "quintessence of punitive damages" is to deter future misconduct by the defendant, the key issue is whether the amount of damages "exceeds the level necessary to properly punish and deter." Adams, 54 Cal.3d at 110 (quoting Neal v. Farmers Ins. Exchange, 21 Cal.3d 910, 928 (1978)). That issue is best determined when there is evidence of a defendant's financial condition. Adams, 54 Cal.3d at 110; see also Baxter v. Peterson, 150 Cal.App.4th 673, 680 (2007) ("Accordingly, 'an award of punitive damages cannot be sustained on appeal unless the trial record contains meaningful evidence of the defendant's financial condition.' (Adams, supra, 54 Cal.3d at p. 109, 284 Cal.Rptr. 318, 813 P.2d 1348.) "Without such evidence, a reviewing court can only speculate as to whether

3

the award is appropriate or excessive." (Id. at p. 112, 284 Cal.Rptr. 318, 813 P.2d 1348.) Plaintiff bears the burden of proof.").

At trial, plaintiff elicited very limited testimony regarding Denny's financial condition, consisting only of evidence that Denny earned $60,000 in income in 2011 and that some of Denny's personal expenses were reimbursed by American Wine Distributors during the relevant time period. However, there was also evidence at trial that Denny personally had no substantial assets, and there was no evidence of Denny's personal liabilities.

The trial record does not contain meaningful evidence of Denny's financial condition to sustain the punitive damages award against him. Having found the amount of the punitive damages to be excessive, I have two options.

> When the court, after viewing the evidence concerning damages in a light most favorable to the prevailing party, determines that the damages award is excessive, it has two alternatives. It may grant defendant's motion for a new trial or deny the motion conditional upon the prevailing party accepting a remittitur.

Fenner v. Dependable Trucking Co., 716 F.2d 598, 603 (9th Cir. 1983). Accordingly, **IT IS ORDERED** that Denny's motion is DENIED as to the issue of plaintiff's entitlement to punitive damages. **IT IS FURTHER ORDERED** that Denny's motion is **DENIED** on the issue of the amount of punitive damages on condition that plaintiff accept a remittitur of the amount of punitive damages awarded against Denny to the nominal amount of $1.00.

///

///

4

Plaintiff shall file an election to accept or reject the remittitur by **June 7, 2012**.

Dated: May 24, 2012

*Bernard Zimmerman*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\DELEGAT'S WINE V. AMERICAN WINE\POSTTRIAL\ORDER RE MOTION FOR NEW TRIAL AND REMITTITUR.wpd